UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>GOLV, INC.,<br><br>　　　　　　　Defendant. | Case No.: 21-cv-2141-CAB-MDD<br><br>**ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS** |

Plaintiff Anton Ewing filed a complaint alleging one federal claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and three California state law claims. The complaint asserts that the Court has supplemental subject matter jurisdiction over the state law claims because the state law claims "are part of a common nucleus of operative fact" with the TCPA claim. Complaint ¶ 7. Even assuming the Court is permitted to exercise supplemental jurisdiction over the state law claims, however, it is not required to do so. Section 1367(c) expressly provides that district courts may decline to exercise supplemental jurisdiction under any of the following circumstances:

　　(1) The claim raises a novel or complex issue of State law;
　　(2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

>   (3) The district court has dismissed all claims over which it has original jurisdiction; or
>   (4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Supreme Court has identified additional factors that district courts should consider when deciding whether to exercise supplemental jurisdiction, "including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

Ultimately, "[w]hile discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs*[1] values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*) (citations omitted). A district court is not required to articulate any reasons for dismissing state-law claims pursuant to 28 U.S.C. section 1367(c)(1)-(3). *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478–79 (9th Cir. 1998).

Here, even if the TCPA claim derives from the same nucleus of operative fact as the state law claims, the state law claims are the predominant claims in the complaint. Specifically, the state law claims substantially predominate over the TCPA claim in terms of proof, the scope of the issues raised, and the comprehensiveness of the remedy sought. *See Gibbs*, 383 U.S. at 726–27. "Put another way, if said state law claims remain joined with the federal claim herein, the 'federal tail' will 'wag what is in substance a state dog.'" *Wong v. HSBC Mortg. Corp. (USA)*, No. C-07-2446 MMC, 2009 WL 151014, at *3 (N.D. Cal. Jan. 21, 2009) (citing *DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3rd Cir. 2003)). The state claims constitute the real body of this case, to which the sole federal claim is merely an appendage. *Gibbs*, 383 U.S. at 727. Accordingly, assuming

---

[1] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

supplemental jurisdiction exists in the first instance, the Court declines to exercise supplemental jurisdiction over claims two through four pursuant to 28 U.S.C. § 1367(c)(2).

Finally, "federal courts may properly take measures to discourage forum shopping." *Rutherford v. Econolodge*, No. 18CV1471-LAB (JMA), 2019 WL 950329, at *3 (S.D. Cal. Feb. 27, 2019) (citing *Hanna v. Plumer*, 380 U.S. 460, 467–68 (1965)); *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) (holding that plaintiff who had filed numerous ADA actions in federal court was engaging in forum shopping "to avoid California's heightened pleading requirements for disability discrimination claims."). "[I]t would be improper to allow Plaintiff to use the federal court system as a loophole to evade California's pleading requirements." *Rutherford v. Ara Lebanese Grill*, No. 18-CV-01497-AJB-WVG, 2019 WL 1057919, at *5 (S.D. Cal. Mar. 6, 2019).

Here, a review of filings in this district reveals that Plaintiff has filed dozens of cases here.[2] Judges here also have noted that Plaintiff has been declared a vexatious litigant by the San Diego Superior Court, resulting in additional requirements before Plaintiff can file suit in state court. *See Ewing v. BF Advance LLC*, No. 20-CV-01748-BAS-WVG, 2021 WL 533513, at *1 (S.D. Cal. Feb. 12, 2021) (noting that "the San Diego Superior Court ordered that any future filings by Mr. Ewing in state court require leave of the presiding judge who will only allow the case to proceed if it appears the litigation has merit and has not been filed for the purposes of harassment or delay."). Thus, the inclusion of the TCPA claim in this case appears to be a mechanism by Mr. Ewing to obtain federal jurisdiction over the state claims and to avoid the additional pleading requirements imposed by the state court. Therefore, as a matter of comity, and because supplemental jurisdiction is not meant to be an end run around pleading requirements that would have been imposed by the state court had the state claims been brought there, the Court declines supplemental jurisdiction over the state claims in the complaint.

---

[2] Plaintiff has also been admonished by Judge Larry A. Burns for being discourteous and unprofessional when communicating with opposing parties and counsel. [Doc. No. 1 at 35.]

In light of the foregoing, claims two through four from the complaint are **DISMISSED WITHOUT PREJUDICE** to refiling in state court.  Any subsequent amended complaints that include state law claims will be stricken.

It is **SO ORDERED**.

Dated:  December 30, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge